UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLON O. DAVIS,

        Plaintiff,

    v.

G. KALISHER, M.D., et al.,

        Defendants.
                            /

No. C 15-5997 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, an inmate at Correctional Training Facility, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff is granted in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that Defendants Drs. Kalisher, Ahmed, and Posson violated his right to be free from cruel and unusual punishment. Specifically, Plaintiff asserts that Defendants, who are prison medical doctors, saw Plaintiff regarding pain, swelling, and irritation to Plaintiff's left eye. Plaintiff complains that each of the Defendants failed to complete a "significant examination" of his eye injuries after Plaintiff told them that he suffered from migraine headaches because of his chronically dry eyes. Plaintiff states that he is still in pain from his ongoing eye injury.

In order to state an Eighth Amendment claim for cruel and unusual punishment as it relates to medical treatment, Plaintiff must demonstrate: (1) a serious medical need, and (2) the nature of the defendants' response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, Plaintiff does not provide sufficient facts to suggest that Defendants exhibited deliberate indifference. Accordingly, Plaintiff has failed to state a claim for relief. As currently pled, Plaintiff's complaint is DISMISSED. However, the court will give Plaintiff an opportunity to amend his complaint to state a claim for relief if he can do so in good faith.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend. The amended complaint

must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original and supplemental complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. **Failure to file an amended complaint within the designated time and in compliance with this order will result in the dismissal of this action.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 15, 2016.

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Davis997dwla.wpd