UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON O. DAVIS,<br>    Plaintiff,<br><br>    v.<br><br>G. KALISHER, et al.,<br>    Defendants. | Case No. 15-cv-05997-SI<br><br>**ORDER** |

This is a *pro* se civil rights action under 42 U.S.C. § 1983 in which plaintiff claims that several doctors at the Correctional Training Facility in Soledad were deliberately indifferent to his chronic eye pain. After filing this action, plaintiff was released from custody and now lives in San Diego. This action was originally assigned to Magistrate Judge Laporte, who ordered service of process on three defendants. All three defendants have appeared in this action. The action was reassigned to the undersigned when one or more of the parties declined to consent to proceed before a magistrate judge. This order addresses two letters from plaintiff and sets scheduling deadlines.

First, plaintiff sent a letter dated July 20, 2016 (Docket No. 11) in which he wrote he had not received any response from the court to his amended complaint and motion to dismiss. The court did take action on those two filings: the order of service (Docket No. 10) (a) ordered the amended complaint to be served on the defendants, and (b) denied the plaintiff's motion to dismiss. The order of service was mailed one day before plaintiff sent his July 20 letter, so the documents may have crossed in the mail.

Second, plaintiff sent a letter dated November 7, 2016 (Docket No. 17) in which he wrote that he had not received counsel to represent him and was unskilled in the law. The court

construes the letter to be a request for appointment of counsel to represent plaintiff in this action and DENIES the request. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The court is unable to determine a likelihood of success on the merits based on the materials in the file. Plaintiff was able to articulate clearly the straightforward Eighth Amendment medical care claim in his amended complaint and (since he is no longer in custody) should be able to access legal materials to aid him in pursuing his claim. For example, plaintiff could check his local public library, any local law library and the San Diego County Bar Association to learn about any legal assistance or reference materials that might help him pursue his claims in this action.

Third, the court now sets the following briefing schedule for dispositive motions:

a. No later than **December 23, 2016**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 20, 2017**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **February 3, 2017**.

2

Finally, plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

**IT IS SO ORDERED**.

Dated:  November 10, 2016

SUSAN ILLSTON
United States District Judge